IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**NORMA RODRIGUEZ-VICENTE, <u>et. al.</u>,**

    **Plaintiffs,**

        **v.**

**HOGAR BELLA UNIÓN, INC.; <u>et al.</u>**

    **Defendants.**

**CIVIL NO. 13-1592 (PAD)**

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

This is an action for damages originating in a nursing home's failure to provide proper care. Defendants denied liability. Before the Court is ACE Insurance Company's "Motion for Judgment on the Pleadings" (Docket No. 145), which plaintiffs and two of the defendants opposed (Docket Nos. 164 and 170). For the reasons explained below, the motion is DENIED.

**I.      BACKGROUND**

Hogar Bella Unión is an assisted living facility for the aged (Docket No. 123 at ¶ 6). Carmen Rodríguez became a resident of the Home with the purpose of being assisted with her routine daily activities. <u>Id.</u> at ¶ 40. She remained in the Home until approximately two months later, when she was taken to the hospital. She arrived comatose and in shock, and is currently in a persistent vegetative state. <u>Id.</u> at ¶¶ 24-25. Plaintiffs fault various entities for this problem, including the Home, which they sued together with the Home's insurer (ACE Insurance Company) (<u>Id.</u> at ¶¶ 8, 41, 42, 43). Invoking policy exclusions, the insurer claims it is entitled to dismissal on the pleadings under Fed. R. Civ. P.12(c).

## II.   STANDARD OF REVIEW

The standard of review of a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 96 (1st Cir. 2014); Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must allege a plausible entitlement to relief. Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007). Plausibility involves a context-specific task calling on courts to examine the complaint as a whole, separating factual allegations (which must be accepted as true) from conclusory allegations (which need not be credited). García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012).

In this inquiry, all reasonable inferences from well-pleaded facts must be drawn in the pleader's favor. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán, 734 F.3d at 102-103. If, so construed, the combined allegations plead facts enough to nudge the claim across the line from conceivable to plausible, the case should not be dismissed under Fed. R. Civ. P. 12(b)(6).

## III.   DISCUSSION

ACE issued a Policy covering certain contingencies, but containing five clauses barring coverage. To that end, ACE contends three of those clauses bar coverage here: (1) "Services Furnished by Health Care Professionals;" (2) "Designated Professional Services;" and (3) "Patient Injury." The court addresses these clauses in turn.

(1) Health Care Professionals

The clause precludes coverage for damages arising out of the rendering or failure to render medical, surgical, dental, x-ray or nursing service, treatment, advice, or instruction, or the related furnishing of food or beverages (Docket No. 145, Exh. 1 at p. 35 - Form No. CG 22 44 10 93). ACE contends this exclusion precludes coverage, for it applies to damages arising out of the failure to provide adequate medical or nursing care, as plaintiffs allege occurred in this case (Docket No. 145 at pp. 10-11).

The Policy does not define who are "health care professionals." In that sense, the Home may not even be a health care institution with patients that could be covered by the exclusion. And the pleadings do not assert that damages resulted from an act or omission of a doctor, nurse or health care provider in the Home. Thus, the factual allegations do not reasonably support application of the clause at this stage of the litigation.

(2) Designated Professional Services

The clause excludes coverage for body injury, property damage or advertising injury that results from the rendering or the failure to render any professional service (Docket No. 145, Exh. 1 at p. 33 - Form No. CG 21 16 11 85). ACE contends plaintiffs' allegations that the Home's administration and employees failed to take proper care of Rodríguez' needs are essentially claims for failure to provide adequate professional services within the scope of the exclusion.

The Policy does not define the term "professional services." From the allegations, the acts of providing for Rodríguez' essential needs (i.e. food and water) and failure to seek medical attention when the Home noticed her health deteriorating need not be considered acts for which the Home's employees must have necessitated professional or specialized knowledge. See e.g., GRE Ins. Group v. Metropolitan Boston Housing Partnership, Inc., 61 F.3d 79, 84 (1st Cir.

Case 3:13-cv-01592-PAD   Document 171   Filed 05/29/15   Page 4 of 5

Norma Rodriguez-Vicente, et al. v. Hogar Bella Unión, Inc. et al.
Civil No. 13-1592 (PAD)
Opinion and Order
Page 4

1995)(the applicability of professional services exclusions requires court to determine whether the relevant activity was "professional" in nature)(citing, Harad v. AETNA Cas. & Sur. Co., 839 F.2d 979, 984 (3d Cir. 1988)).

As explained in Cochran v. B.J. Services Co. USA, 302 F.3d 499, 505 (5th Cir. 2002), acts which could have been done by an unskilled or untrained employee are not subject to the professional services exclusion, as professional services involve discretion acquired by special training and the exercise of special judgment.  Consequently, read in light most favorable to plaintiffs, the allegations upon which application of the exclusion rest do not prevent the case from going forward.

(3) Patient Injury

The "Patient Injury" exclusion clause prevents coverage for body injury sustained by any person "while 1. [y]our patient; or 2. [a]t premises shown in the Schedule (including while entering or leaving these premises) for the purpose of receiving health care or service" (Docket No. 145, Exh. 1 at p. 36 - Form No. CG 22 49 11 85).  ACE essentially asks the Court to read the exclusion to mean that, because plaintiffs claim that Bella Unión failed to provide Rodríguez with adequate care while she was a resident at the Home, she was "at the premises shown in the Schedule [the Home]" within the scope of the clause.

Whether Rodríguez was taken to the Home as a patient is unclear.  The Policy does not define the term "patient."  Similarly, whether the underlying negligent acts or omissions were part of a "medical" care, service or treatment is left ambiguous in the Fourth Amended Complaint. From these reference points, then, the allegations may be reasonably read to infer that Rodríguez was not a patient but a resident of the Home, not taken there to receive health care or medical

Norma Rodriguez-Vicente, *et al.* v. Hogar Bella Unión, Inc. *et al.*
Civil No. 13-1592 (PAD)
Opinion and Order
Page 5

services. In these circumstances, the pleadings do not lead to the conclusion that ACE advocates for.

## IV.    CONCLUSION

Accepting all well pleaded factual allegations of the Fourth Amended Complaint as true, and drawing all reasonable inferences in the non-moving parties' favor, the allegations against the Home do not justify dismissal of the case against ACE under Fed. R. Civ. P. 12(c). For the same reason, ACE's motion for judgment on the pleadings at Docket No. 145 is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of May, 2015.

                                                                s/Pedro A. Delgado-Hernández
                                                                 PEDRO A. DELGADO-HERNÁNDEZ
                                                                 United States District Judge