IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **NORMA RODRIGUEZ-VICENTE, et. al.,**  Plaintiffs,  v.  **HOGAR BELLA UNIÓN, INC.; et al.**  Defendants. | **CIVIL NO. 13-1592 (PAD)** |

**ORDER**

Before the court are plaintiffs' (i) "Emergency Motion to Strike Dr. Luis J. Quesada Amended Expert Report and/or Addendum" (Docket No. 246) and (ii) "Emergency Motion to Strike Dr. José Cangiano's Amended Report and/or Addendum" (Docket No. 248). Defendants opposed at Docket Nos. 247 and 254, respectively.[1] Having considered the parties' submissions, plaintiffs' requests are GRANTED in part and DENIED in part.

On June 17, 2014, the court authorized discovery until January 30, 2015 (Docket No. 115). On September 25, 2015, it extended the discovery deadline up to and including April 30, 2016 (Docket No. 191). The same day, it scheduled trial for June 13, 2016. Id. at ¶ 9. Plaintiffs complain that on April 28, 2016 codefendant Dr. Rodolfo Troche disclosed an addendum modifying the expert report of Dr. Luis Quesada (Docket No. 246).[2] Additionally, they point out that co-defendant Dr. Manuel Figueroa disclosed an addendum by Dr. José L. Cangiano on April

---

[1] Co-defendant Dr. José L. Nieves-Rivera joined co-defendant Dr. Manuel Figueroa's response in opposition (Docket No. 255), stating that Dr. Cangiano is also his expert witness.

[2] Co-defendant Dr. Troche-Negrón provided a copy of the expert report prepared by Dr. Quesada on June 25, 2015. Upon consideration of the opinion rendered, plaintiffs determined not to depose him.

29, 2016 (Docket No. 248).[3]  In consequence, they request that those newly disclosed documents be stricken.

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure states that a party must provide its expert disclosures at the time and in the sequence that the court orders; and that absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.  These provisions are enforced through Rule 37(c)(1) of the Federal Rules of Civil Procedure, according to which:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 37(c)(1).  Unless justified or harmless, the baseline for noncompliance is mandatory preclusion.  Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este and Sara López, M.D., 456 F.3d 272, 276 (1st Cir. 2006).

As stated above, the parties were authorized to conduct discovery until April 30, 2016.  Trial is scheduled for June 13, 2016.  From the record, Dr. Rodolfo Troche and Dr. Manuel Figueroa did not disclose all of the expert material within the 90-day window.  But even measuring compliance against the discovery cut-off date, disclosure was untimely.  It took place one and two days respectively prior to expiration of the discovery deadline, leaving the opponents with no

---

[3] In their motion, plaintiffs blame "codefendants" for the late disclosure of the Dr. Cangiano's addendum (Docket No. 248), which was notified by attorney Anselmo Irizarry (who represents Dr. Manuel Figueroa). Yet, Dr. Cangiano is expert witness for more than one defendant (including Dr. José L. Nieves-Rivera).

meaningful time to depose those experts within the period authorized for discovery. For the same reason, the late disclosure of Dr. Quesada is not harmless. And no legitimate grounds were asserted to justify the late disclosure. The problem, however, does not exist in the case of Dr. Cangiano's addendum because, contrary to the situation of the other expert in question, he did not change the original testimony to incorporate a new theory.

In conclusion, Dr. Quesada's addendum to his expert report is stricken.[4] If Dr. Quesada is presented at trial, his testimony must reflect the opinion set in the original report. That said, should he be called by the plaintiffs, he may testify along the lines reflected in the addendum disclosed in April 2016. Plaintiffs' requests to strike Dr. Cangiano's addendum, exclude the original expert reports, and for sanctions are DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of May, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[4] This ruling cannot be interpreted as a ruling on the admissibility of Dr. Quesada's expert report as such, which will be determined if and when it comes up at trial.